51 CCPA

**Application of Renato Rogerio Carreira REYNAUD.**

**Patent Appeal No. 7195.**

United States Court of Customs and Patent Appeals.

May 14, 1964.

Maxwell E. Sparrow, New York City (Mark H. Sparrow, New York City, of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (Fred W. Sherling, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

SMITH, Judge.

Appellant's application Serial No. 849,-059, filed October 27, 1959, discloses a union for pipe lines in general as well as for pipes of cement, fiber-cement, plastics, metal or the like. The present appeal involves claim 5, the only claim remaining in the application. While the examiner and the board rejected the claim for various reasons, we think the rejection based on 35 U.S.C. § 103 is determinative and shall consider only this ground.

A union embodying the invention claimed in rejected claim 5 is shown in Fig. 1 of appellant's drawings as follows:

FIG. 1

Rejected claim 5 reads on this structure and describes the asserted invention, as will be seen from the following reproduction of the claim with the part numbers inserted in parentheses:

"Tight sealing union for pipes or the like comprising a tubular open ended union body (11) having a pair of opposed internal cone-shaped recesses (16, 17) converging toward and terminating short of the body ends respectively and forming wedge-like areas in conjunction with the corresponding pipes (20, 21) to be joined, a pair of internal annular end abutments (22, 23) at the ends of said body and spaced from said cone-shaped recesses, said body being formed with a pair of internal stabilizing groves (18, 19) positioned between a respective end abutment and the adjacent cone-shaped recess, said stabilizing grooves being arcuately concave in the direction longitudinally of said body and each having its maximum internal diameter greater than the smallest internal diameter of the adjacent cone-shaped recess, a resilient sealing ring (14, 15) in each of said cone-shaped recesses, said ring being circular in cross-section, each of said recesses being of a length so that the sealing ring is caused to roll through a distance substantially equal to one half the circumference of the cross-section of the sealing ring as the sealing ring is pulled into sealing position in the stabilizing groove by pulling the pipe outwardly."

The method of assembling the union to the pipes is not claimed. However, this appears to be accomplished by inserting the end of pipe 21 through the sealing ring 15 as it rests against internal abutment 13 in the dotted line position in Fig. 1, and retracting the pipe to roll the ring into the stabilizing groove 19. Alternatively, this may be accomplished by inserting a sleeve 31 (not claimed) over the pipe 20, and retracting the sleeve to roll the sealing ring into stabilizing groove 18.

The references relied upon are:

| | | | |
|---|---|---|---|
| Halkyard | 2,272,115 | Feb. | 3, 1942 |
| Hume (British) | 313,579 | June | 20, 1929 |
| Brunello (Italian) | 512,428 | Jan. | 31, 1955 |
| Wolff (German) | 865,885 | Feb. | 5, 1953 |

The Board of Appeals relied upon the examiner's description of the references. We have examined the references and have concluded with the examiner and the board that their pertinent disclosures are as follows:

Brunello discloses a pipe union in which circular resilient sealing rings are positioned in the cone-shaped recesses,

and the pipes to be joined are pulled outwardly, thereby rolling the sealing rings into their respective stabilizing grooves.

Hume discloses a pipe union having cone-shaped recesses with resilient sealing rings disposed therein, and a member designed to roll the sealing rings into position.

Wolff discloses a pipe union having an external cone-shaped recess with a sealing ring disposed thereon, which ring is rolled into a concave recess as the pipes are pushed inwardly into sealing position.

Halkyard discloses a pipe union having a cone-shaped recess with a sealing ring disposed therein. The reference teaches the force concepts inherent in rolling the sealing ring into position.

Appellant's brief points out the differences between his claimed union and those of the prior art, stating:

> "The essential differences between applicant's device and the reference combinations are twofold. Firstly, the recesses in the union do not have the specified substantial length for the sealing rings to be rolled through so that the elastic resiliency of the rings can exert a pulling force on the pipes to be joined by the union. Secondly, the recesses at the ends of the cone-shaped recesses, for receiving the sealing rings in their final position, do not constitute stabilizing grooves, arcuately concave in the longitudinal direction of the body of the union, but are of cylindrical shape for wedging and/or squeezing the O-rings."

It is apparent to us that appellant considers the rejection to have been one based on anticipation. We agree with the solicitor that this is not the case. The rejection is for obviousness of the claimed invention under the conditions specified in 35 U.S.C. § 103. Such a rejection does not require that each precise element of the claim be found in the prior art as appellant contends, but requires rather that we inquire as to what one of ordinary skill in this particular art would learn from the references. Based on such an analysis of the prior art, we are then required by section 103 to determine whether appellant's claimed subject matter as a whole would have been obvious at the time he made his invention.

We agree fully with the general principle, as stated in appellant's brief, that:

> " * * * 'Hindsight' is not a proper basis for determining patentability. While a particular solution to a problem may seem simple in retrospect, after its disclosure, foresight applied as of the date of the invention is the only proper test of invention. * * * "

However, in this case, we do not believe that the Patent Office is guilty of using "hindsight" in combining the prior art references. As noted by both the examiner and the board, appealed claim 5 reads substantially on Figs. C and D of Brunello. The only differences between the claimed structure and the Brunello reference structure are the limitations in the appealed claim with respect to the shape ("arcuately" concave) of the stabilizing grooves and the length of the cone-shaped recesses.

Arcuate stabilizing grooves are shown by Wolff. Moreover, we think it would be obvious to one of ordinary skill in this art to make the stabilizing groove in Brunello round to fit a round sealing ring. Halkyard teaches the inherent force concepts of a rolling elastic sealing ring and, consequently, the length limitation of appellant's claim. Therefore, all that appellant has done is make an obvious combination of the disclosures of the prior art, accomplishing no more than the expected result thereof.

Appellant argues that Brunello appears to be inoperative. If this is in fact the case, there is nothing in the record to support such a contention. At best, it is an expression of opinion by appellant's counsel and we cannot consider it as dispositive of the reference. Appellant contends that inoperability is

evident because the sealing rings are squarely deformed in the end recesses, if they can be pulled into the recesses at all. This argument does not appear to have been made below, and there is nothing in the record which supports it. In the absence of a clear showing that the Brunello structure will not operate as disclosed, we must presume that it does so operate and will therefore treat it as a valid reference for all that it discloses.

We therefore find no error in the board's holding that the structure of the appealed claim is obvious in view of the prior art. The disclosure of each of the references is clear and definite. Appellant's argument that no one reference contains all the elements called for in the claim has no legal significance in this case. The proper test under section 103 is simply whether it would have been obvious for one skilled in the art to produce the structure claimed by appellant from the combined teachings of the references. We think it would have been obvious, and we therefore affirm the decision of the board.

Affirmed.